UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TRUSTEES OF THE PLUMBERS
LOCAL UNION NO. 1 WELFARE
FUND, *et al.*,

          Plaintiffs,

   - against-

TEMPERINI MECHANICAL INC., *et al.*,

          Defendants.

-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 30 2019 ★

BROOKLYN OFFICE

**ORDER**
18-CV-2596 (AMD) (LB)

**ANN M. DONNELLY, United States District Judge:**

On May 2, 2018, the plaintiffs commenced this action seeking declaratory relief against defendants Temperini Mechanical Inc. and Whitestone Plumbing Corp. pursuant to the Employee Retirement Income Security Act and Labor Management Relations Act. (ECF No. 1.) The plaintiffs served the defendants with the complaint and summons on May 16, 2018. (ECF Nos. 7, 8.) The defendants did not respond to the complaint or appear in this action, and on June 18, 2018, the Clerk of Court entered a certificate of default against them. (ECF No. 10.)

On September 24, 2018, the plaintiffs moved for a default judgment against the defendants, pursuant to Federal Rule of Civil Procedure 55(b)(2). (ECF No. 11.) I referred the petition to Magistrate Judge Lois Bloom for a Report and Recommendation ("R&R"). On December 28, 2018, Judge Bloom issued a thorough and well-reasoned R&R, recommending that I grant in part and deny in part the plaintiffs' motion. (ECF No. 20.) Specifically, Judge Bloom recommended that judgment be entered in favor of the plaintiffs declaring 1) that defendants Temperini and Whitestone are alter egos, 2) that the defendants have been bound by the Collective Bargaining Agreement at all relevant times, and 3) that the defendants are jointly

1

and severally liable for each other's contributions and obligations under the CBA. (ECF No. 20 at 18.) Judge Bloom recommended that the defendants be compelled to produce their books and records within 30 days, and that the plaintiffs be awarded attorney's fees and costs. However, Judge Bloom recommended that I deny the plaintiffs' request for post-judgment interest and their motion for default judgment seeking to hold Whitestone liable for a $263,862.72 judgment that was entered against Temperini on June 16, 2014, in a separate lawsuit (E.D.N.Y. Case No. 12-CV-5646). (*Id.* at 18-19.)

On January 9, 2019, the plaintiffs "objected" to only the latter part of the R&R; the plaintiffs ask that "as an alternative to denying a substantial portion of plaintiffs' request for relief in this action… the Court direct plaintiffs to amend the Complaint to specify the Temperini Judgment in the relief sought, to re-serve the defendants with the amended complaint, and to renew their motion for default judgment if and when defendants fail to respond." (ECF No. 22 at 2.) In other words, the plaintiffs concede that their complaint did not include a claim for the June 16, 2014 judgment, but ask that they be given the opportunity to amend their complaint to do so. (*Id.* at 2-4.) Therefore, I do not interpret the plaintiffs' request to be an objection to any of the legal findings in the R&R and I adopt it in its entirety, and give the plaintiffs the opportunity to amend their complaint.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund. L.P.*, 823 F.Supp.2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks omitted); *Sasmor v. Powell*, No. 11 Civ. 4645, 2015 WL 5458020, at *2 (E.D.N.Y. Sept. 17, 2015) ("[T]he district

2

court is 'permitted to adopt those sections of a magistrate judge's report to which no specific objection is made, so long as those sections are not facially erroneous.'").

I have carefully reviewed Judge Bloom's thoughtful and cogent R&R, and find no error. Accordingly, I adopt the R&R in its entirety and direct the plaintiffs to amend their complaint within 30 days of this order to include a claim related to the June 16, 2014 judgment.

**SO ORDERED.**

                                          s/Ann M. Donnelly
                                          Ann M. Donnelly
                                          United States District Judge

Dated: Brooklyn, New York
       May 30, 2019