UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TRUSTEES OF THE PLUMBERS LOCAL UNION
NO. 1 WELFARE FUND, ADDITIONAL
SECURITY BENEFIT FUND, VACATION &
HOLIDAY FUND, TRADE EDUCATION FUND,
401(K) SAVINGS PLAN, TRUSTEES OF THE
PLUMBERS AND PIPEFITTERS NATIONAL
PENSION FUND, and TRUSTEES OF THE
INTERNATIONAL TRAINING FUND,

                        Plaintiffs,                                      **REPORT & RECOMMENDATION**
                                                        **18 CV 2596 (AMD)(LB)**

    -against-

TEMPERINI MECHANICAL INC. and
WHITESTONE PLUMBING CORP.,

                        Defendants.
----------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       Plaintiffs, Trustees of the Plumbers Local Union No.1 Trust Funds, Additional Security

Benefit Fund, Vacation & Holiday Fund, Trade Education Fund, 401(K) Savings Plan (collectively

"Local 1 Funds"), Trustees of the Plumbers and Pipefitters National Pension Fund ("NPF), and

Trustees of the International Training Fund ("ITF"), bring this action seeking declaratory relief

against defendants Temperini Mechanical Inc. ("Temperini") and Whitestone Plumbing Corp.

("Whitestone") pursuant to the Employee Retirement Income Security Act ("ERISA"),

29 U.S.C. §§ 1132, 1145, and the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185,

*et seq*. ECF Nos. 1, 25. Despite proper service of the summons and the complaint, defendants have

failed to plead or otherwise defend this action. ECF Nos. 26–27. Plaintiffs now move for entry of

a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. The

Honorable Ann M. Donnelly referred plaintiffs' motion for a default judgment to me for a Report

and Recommendation in accordance with 28 U.S.C. § 636(b). For the following reasons, plaintiffs'

motion is granted.

## BACKGROUND AND PROCEDURAL HISTORY

The Court assumes familiarity with the underlying facts of the instant case as set forth in

the prior Report and Recommendation. See ECF No. 20; Trustees of Plumbers Local Union No. 1

Welfare Fund v. Temperini Mechanical Inc., No. 18 CV 2596, 2018 WL 8452493 (E.D.N.Y. Dec.

28, 2018).

On December 28, 2018, I recommended that plaintiffs' motion for a default judgment

should be granted in part and denied in part. Specifically, I recommended that plaintiffs' motion

for a default judgment to hold defendant Whitestone liable for the $263,862.72 judgment

previously entered against Temperini in 2014, as well as plaintiffs' request for post judgment

interest at the statutory rate, should be denied without prejudice. ECF No. 20. Plaintiffs objected

to the portions of the Report and Recommendation denying relief, and on May 30, 2019, Judge

Donnelly adopted the Report and Recommendation in its entirety. Plaintiffs were directed to

amend their complaint if they intended to raise any claim related to the 2014 judgment. ECF Nos.

22, 23.

Plaintiffs amended their complaint on June 5, 2019. ECF No. 25. Plaintiffs served

defendants with the summons and amended complaint on June 7, 2019. ECF Nos. 26, 27.

Defendants failed to plead or otherwise respond to the amended complaint. Plaintiffs requested a

certificate of default against defendants on June 28, 2019, and on July 11, 2019, the Clerk of Court

entered a certificate of default against defendants. ECF Nos. 28, 29. Plaintiffs filed the instant

motion for a default judgment against defendants on July 18, 2019, pursuant to Rule 55(b)(2). ECF

No. 30.

**DISCUSSION**

## I.      Legal Standard

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2).

In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993). "Accordingly, plaintiff is not entitled to a default judgment as a matter of right simply because a party is in default." Finkel v. Universal Elec. Corp., 970 F. Supp. 2d 108, 118 (E.D.N.Y. 2013) (citing Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (courts must "supervise default judgments with extreme care to avoid miscarriages of justice")).

On a motion for default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." Transatlantic Marine Claims Agency, Inc., 109 F.3d at 108. In order to determine whether to issue a default judgment, the Court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Rolls-Royce plc v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). In other words, "[a]fter default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action,

since a party in default does not admit conclusions of law." Id. (quoting Leider v. Ralfe, No. 01 Civ. 3137, 2004 WL 1773330, at *7 (S.D.N.Y. July 30, 2004)). In evaluating "whether the unchallenged facts constitute a legitimate cause of action," the Court is limited to the four corners of the complaint. Id. (citation omitted). The Court is not so restricted in determining damages, which may be calculated based on documentary evidence, affidavits, or evidence presented at a hearing on damages. See Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111.

## II.   Liability

### A.  Whitestone's liability for the July 24, 2014 Judgment against Temperini

Plaintiffs seek to hold Whitestone liable for the $263,862.72 judgment entered against Temperini on July 24, 2014 in an action to recover delinquent contributions to the Funds filed in this district under Case No. 12 CV 5646. Pl's Memorandum of Law at 6–7; Adrianna R. Grancino Decl. at ¶ 7–8. According to plaintiffs, Temperini failed to pay any part of the 2014 judgment. Walter Saraceni Declaration, ("Saraceni Decl") at ¶ 13–15; Pl's Memorandum of Law at 6–8, ECF No. 34.

Courts have frequently held alter ego companies liable for each other's past judgments. Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund v. Vintage Tile & Flooring, Inc., No. 14 Civ. 6450, 2015 WL 3797273, at *5 (S.D.N.Y. June 18, 2015) (finding one defendant the alter ego of the other defendant, and thus both defendants were jointly and severally liable for the obligations of the other, including a judgment previously entered against one of the defendants); Trustees of the Local 7 Tile Industry-Welfare Fund v. Amarko Marble & Granite Co., Inc., 13 CV 2779, 2014 WL 1622098, at *5–6 (E.D.N.Y. Apr. 22, 2014) (same). As established in the Court's December 28, 2018 Report and Recommendation (ECF No. 20), plaintiffs have pleaded sufficient facts to establish that Whitestone is the alter ego

of Temperini and thus each is liable for the other's contributions under the CBA. Therefore, Whitestone may be held jointly and severally liable for Temperini's obligations under the previous judgment. The Court should grant plaintiffs' instant motion and hold Whitestone liable for the $263,862.72 judgment previously entered against Temperini on July 24, 2014.

### III.    **Damages**

While the allegations in a complaint pertaining to liability are deemed admitted upon entry of a default judgment, a default "is not considered an admission of damages." Cement and Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. and Training Fund and Other Funds v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012). Rather, a court must ensure that there is an adequate basis for the damages sought by a plaintiff before entering judgment in the amount demanded. See Santillan v. Henao, 822 F. Supp. 2d 284, 290 (E.D.N.Y. 2011). To determine the amount of damages or establish the truth of any allegation by evidence, the district court "may conduct hearings or make referrals," Fed. R. Civ. P. 55(b)(2), but "detailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing," Chanel, Inc. v. Louis, No. 06 CV 5924, 2009 WL 4639674, at *4 (E.D.N.Y. Dec. 7, 2009) (citing Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991)); Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). Here, plaintiffs' submissions are sufficient for the Court to enter judgment on the complaint; a hearing is not necessary.

### i.    **Post-judgment Interest**

Plaintiffs seek an award of post-judgment interest. The Second Circuit has held that an award of post-judgment interest is "mandatory" and should be awarded at the statutory rate prescribed by 28 U.S.C. § 1961(a). See Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 102 (2d Cir. 2004); see also Indu Craft, Inc. v. Bank of Baroda, 87 F.3d 614, 619 (2d Cir. 1996)

(prevailing party is entitled to post-judgment interest as a matter of right) cert. denied, 519 U.S. 1041 (1996). "The post-judgment interest rate in an ERISA action is tied" to the formula for calculation set forth in 28 U.S.C. § 1961(a), which provides that post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding the date of the judgment." Genworth Life and Health Ins. Co. v. Beverly, 547 F. Supp. 2d 186, 190 (N.D.N.Y. 2008) (quoting 28 U.S.C. § 1961(a)) (internal quotation marks omitted); see Trustees of the I.B.E.W. Local Union No. 488 Pension Fund v. Norland Elec., Inc., No. 11 CV 709, 2015 WL 3581011, at *9 (D. Conn. June 5, 2015) ("Post-judgment interest is applicable in the ERISA context in the same manner in which it is awarded in other civil actions in which money damages are awarded."). Moreover, post-judgment interest "shall be computed daily [from the date of judgment] to the date of payment." 28 U.S.C. § 1961(b).

Here, plaintiffs seek an award of post-judgment interest on the July 24, 2014 judgment of $263,862.72. See Pl's Memorandum of Law, ECF No. 34 at 11. Courts have awarded post-judgment interest on a previously entered judgment against alter ego defendants. See generally Amarko Marble & Granite Co., No. 2014 WL 1622098, at *7–8 (awarding post-judgment interest to plaintiffs calculated from the date of the previously entered judgment against one of the alter ego defendants). Accordingly, the Court recommends that plaintiffs be awarded post-judgment interest on the July 24, 2014 judgment of $263,862.72 calculated from July 24, 2014 to the date of payment at the statutory rate set forth in 28 U.S.C. § 1961.

**ii.    Attorney's Fees**

ERISA provides that a plaintiff may recover attorney's fees in any action to enforce a judgment to recover delinquent contributions. 29 U.S.C. § 1132(g)(2)(D). In the Second Circuit, the amount of attorney's fees awarded to a prevailing party is determined by calculating the "presumptively reasonable fee." Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009). To determine this fee, the Court begins by multiplying the number of hours spent on the litigation by "a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). A reasonable rate is "the rate a paying client would be willing to pay," based on the "prevailing [hourly rate] in the community . . . where the district court sits." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008); see also Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984) ("[T]he requested rates [must be] in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.")

After determining the reasonable hourly rate, the Court multiplies that rate by the reasonable number of hours expended, to determine a presumptively reasonable fee. See Arbor Hill, 522 F.3d at 190. The party seeking fees bears the burden of establishing that the number of hours for which it seeks compensation is reasonable. Cruz v. Local Union No. 3 of Int'l Broth. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994) (citing Hensley, 461 U.S. at 437). A request for attorney's fees must be supported by contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." Bd. Of Trs. Of Pointers, Cleaners & Caulkers Welfare Fund, Pension Fund and Annuity Fund v. Super Eagle Contracting Inc., No. 12 CV 399, 2013 WL 802034 at *4 (E.D.N.Y. Jan. 16, 2013) (internal citation omitted), adopted by 2013 WL 802847 (E.D.N.Y. March 5, 2013).

To determine what constitutes a reasonable hourly rate, this Court looks to the hourly rates that attorneys routinely charge for comparable work in the Eastern District of New York. Local No. 46 Metallic Lathers Union & Reinforcing Iron Workers Welfare Trust, Annuity Fund, Pension Fund, Apprenticeship Fund, Vacation Fund, Scholarship v. Crops Design Corp., No. 12 CV 4218, 2013 WL 5460871, at *6 (E.D.N.Y. Sept. 30, 2013). Hourly rates in the Eastern District of New York generally range "from $300 to $450 per hour for partners, $200 to $300 for senior associates, [and] $100 to $200 for junior associates." See Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. D & A Bus Co., Inc., 270 F. Supp. 3d 593, 618 (E.D.N.Y. 2017) (collecting cases); Trs. of Metal Polishers Local 8A-28A Funds v. Nu Look Inc., No. 18 CV 3816, 2019 WL 3500908, at *5 (citations omitted); Trs. of Empire State Carpenters Annuity v. C.R. Edwards Constr. Co., Inc., No. 15 CV 5232, 2016 WL 6875969, at *5 (E.D.N.Y. Nov. 22, 2016); Marshall v. Reisman, No. 11 CV 5764, 2013 WL 1563335, at *2 (E.D.N.Y. Mar. 25, 2013), adopted by 2013 WL 1561478 (E.D.N.Y. Apr. 12, 2013). "Awards for paralegal fees in this district typically range from $70 to $90 per hour in ERISA default actions." Trs. of Metal Polishers Local 8A-28A Funds v. Superiro Scaffolding Servs. Inc., No. 12 CV 4251, 2013 WL 4095495, *3 (E.D.N.Y. August 9, 2013).

Here, plaintiffs are represented by Virginia & Ambinder, LLP ("V&A"), and the law firm has provided its contemporaneous time records. V&A associates Adrianna R. Grancino, Julie Dabrowski, and Kelly Malloy worked on this case along with partners Martin Fojas and Nicole Marimon. Ms. Grancino is a 2016 graduate of St. John's University School of Law whose primary practice area is ERISA Litigation. Adrianna R. Grancino Declaration, ("Grancino Decl.") at ¶ 31. Ms. Dabrowski is a 2014 graduate of American University College of Law whose primary practice area is ERISA litigation. Grancino Decl. ¶ 32. Ms. Malloy is a 2018 graduate of Brooklyn Law

School whose primary practice area is ERISA litigation. Grancino Decl. ¶ at 35. All three associates billed for their time at a rate of $285 per hour to the Local 1 Funds and $275 per hour to the National Funds. Grancino Decl. ¶ 31, 32, 35. Plaintiffs represent that the billing rate is the product of negotiations between V&A and the Funds regarding proper hourly rates for attorneys. Grancino Decl. ¶ 37. Ms. Grancino's declaration does not include how long she, Ms. Dabrowski, and Ms. Malloy have been at the firm or the extent of their experience in ERISA litigation. Based on the Court's knowledge of the rates generally charged for this type of work in connection with an ERISA default, the Court finds that the requested hourly rate of $285 to the Local 1 Funds and $275 to the National funds for Associate attorneys Grancino, Malloy, and Dabrowski's work is on the high end for attorneys with comparable experience and not in line with rates awarded in the Eastern District of New York. See Trustees of Plumbers Local Union No. 1 Welfare Fund, Additional Sec. Benefit Fund, Vacation & Holiday Fund, Trade Educ. Fund, 401(K) Sav. Plan v. Alessandro Plumbing, Inc., 16 CV 3866, 2016 WL 9632378 (July 12, 2016), adopted by, 16 CV 3866, 2017 WL 3927491, at *4 (E.D.N.Y. Apr. 26, 2017) (approving an hourly rate of $250 for Ms. Dabrowski); Trustees of Pavers & Builders Dist. Council Welfare, Pension, Annuity & Apprenticeship, Skill Improvement & Safety Funds v. Base Constr. Corp., 16 CV 4068, 2017 WL 3017187, at *5 (June 20, 2017), adopted by, 16 CV 4068, 2017 WL 3016804 (E.D.N.Y. July 14, 2017) (approving an hourly rate of $200 for Ms. Dabrowski); Amarko Marble & Granite Co., 2014 WL 1622098, at *10 (awarding $260 hourly rate in ERISA default judgment action); see also Bd. of Trustees of the United Union of Roofers, Waterproofers & Allied Workers v. New York Roofing Co., No. 13 CV 2865, 2015 WL 1535373, at *6 (E.D.N.Y. Mar. 5, 2015) (approving hourly rate of $250 for attorney with over 20 years of experience), adopted by, 2015 WL 1546447 (E.D.N.Y. Apr. 6, 2015); Finkel, 970 F. Supp. 2d at 128 (approving hourly rates of $260 and $275

for senior associates); <u>Trustees of Mosaic & Terrazzo Welfare, Pension, Annuity & Vacation Funds v. RPT New York L.L.C.</u>, No. 12 CV 03875, 2013 WL 5460292, at *9 (E.D.N.Y. Sept. 30, 2013) (approving rate of $260 per hour for attorney who graduated law school in 1998 and had been practicing labor and employee benefits law since 2000). Therefore, it is recommended that attorneys Grancino, Malloy, and Dabrowski be awarded attorney's fees, but at a reduced rate of $260 per hour to the Local 1 Funds and $250 per hour to the National Funds.

Plaintiffs' motion also requests that the Court award Martin Fojas, a 2009 graduate of Brooklyn Law School and partner at V&A an hourly rate of $375 per hour to the Local 1 Funds and $350 per hour to the National Funds, and Nicole Marimon, a 2014 graduate of Fordham University School of Law and a partner at V&A $285 per hour to the Local 1 Funds and $275 per hour to the National Funds. The Court finds the hourly rate requested for Ms. Marimon to be reasonable and within the appropriate range of hourly rates for attorneys of comparable experience; however, the Court finds the hourly rate requested for Mr. Fojas to be unreasonable and not within the appropriate range of hourly rates for attorneys of comparable experience. <u>See</u> <u>Trustees of Ne. Carpenters Health, Pension, Annuity, Apprenticeship, & Labor Mgmt. Cooperation Funds v. Drywall & Acoustics of Ne., Inc.</u>, No. 19 CV 4600, 2019 WL 5963689, at *4 (E.D.N.Y. Nov. 12, 2019) (approving  partner rate of $300 per hour"); <u>Gesualdi v. Giacomelli Tile Inc.</u>, 2010 WL 1049262, at *3 (E.D.N.Y. Mar. 18, 2010) (finding a partner rate of $200–$350 per hour reasonable in such a case). Therefore, it is recommended that attorney Marimon be awarded attorney's fees at $285 per hour to the Local 1 Funds and $275 per hour to the National Funds, and attorney Fojas be awarded attorney's fees, but at a reduced rate of  $325 per hour to the Local 1 Funds and $300 per hour to the National Funds.

Plaintiffs request fees for five unidentified legal assistants with the initials "MM", "TG", "JP", "EB", and "EC" at an hourly rate of $145 to the Local 1 Funds and $140 to the National funds for their work on this matter. See ECF No. 33-12; Grancino Decl. ¶ 36. "When faced with fee requests for unidentified personnel, some courts have refused to award any such fees." Jean v. Auto & Tire Spot Corp., No. 09 CV 5394, 2013 WL 2322834, at *7 (E.D.N.Y. May 28, 2013) (citing Drozd v. Vlaval Constr., Inc., No. 09 CV 5122, 2011 WL 9192036, at *20 (E.D.N.Y. Oct. 18, 2011) (declining to award fees for individuals working for a law firm where application provided no names or information regarding their educational backgrounds or experience), adopted by 2012 WL 4815639 (E.D.N.Y. Oct. 10, 2012); see also Gesualdi v. Magnolia Pro Trucking Inc., No. 11 CV 4082, 2012 WL 4036119, at *10 (E.D.N.Y. Aug. 20, 2012) (declining to recommend that fees be awarded for "unidentified individuals"), adopted by 2012 WL 4035779 (E.D.N.Y. Sept. 11, 2012). Other courts have selected a "reasonable rate" to award unidentified legal assistants and paralegals. Jean, 2013 WL 2322834, at *7 (reducing the hourly rate of unidentified paralegals from $125 to $75); see, e.g., Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. Gregory, No. 14 CV 2900, 2015 WL 1611307, at *7 (E.D.N.Y. Apr. 10, 2015) (finding that the $100 hourly rate "charged for work performed by unidentified legal assistants exceeds the upper limit of the approved range" and reducing the rate to $90); Trustees of the Pavers & Rd. Builders Dist. Council Welfare v. Arbor Concrete Corp., No. 15 CV 2481, 2015 WL 9598872, at *4 (E.D.N.Y. Dec. 15, 2015) (finding that the hourly rate of $80 requested for "unidentified legal assistants" to be reasonable), adopted by 2016 WL 67279 (E.D.N.Y. Jan. 5, 2016).

Plaintiffs request $145 per hour for unidentified legal assistants to the Local 1 Funds and $140 per hour to the National Funds, both numbers being higher than what this district typically

11

awards to legal assistants in ERISA default cases. See Trs. of Local 813 Ins. Tr. Fund v. A.A. Danzo Sanitation, Inc., No. 16 CV 318, 2018 WL 4268907, at \*6 (E.D.N.Y. Aug. 8, 2018), report and recommendation adopted, 2018 WL 4266038 (E.D.N.Y. Sept. 5, 2018) (awarding $100 per hour for litigation support staff and collecting cases); Sciascia v. Prime Protective Servs., Inc., No. 13 CV 0800 , 2014 WL 940721, at \*9 (E.D.N.Y. Mar. 11, 2014) (noting that courts in the Eastern District have held that $90 per hour is a reasonable rate for paralegals in ERISA cases). Additionally, plaintiffs provide no information regarding the education or the experience of the legal assistants who worked on this case other than their initials on the contemporaneous billing records. See Grancino Decl.; ECF No. 33-12. Accordingly, no fees should be awarded for the time billed for "MM", "TG", "JP", "EB", and "EC" as there is no way to assess the reasonableness of the hourly rate charged.[1]

I turn next to the reasonableness of the hours worked. "[T]he number of hours counsel spends on an action will be determined unreasonable if found to be excessive, duplicative, or unnecessary." Finkel v. Metropolitan Sign & Maintenance Corp., No. 09 CV 4416, 2010 WL 3940448, at \*16 (E.D.N.Y. Aug. 12, 2010) (citation omitted), adopted by 2010 WL 3927512 (E.D.N.Y. Oct. 5, 2010). According to the invoices attached to Ms. Grancino's declaration, (ECF No. 33-12), the firm spent a total of 68.58 hours preparing and litigating this case. Julie Dabrowski spent 35.1 hours, Adrianna R. Grancino spent 6.28 hours; Kelly Malloy spent .02 hours, Martin Fojas spent 5.70 hours, Nicole Marimon spent 2.70 hours, and the unidentified legal assistants spent 18.78 hours. The work included drafting the complaint, drafting the amended complaint, revising the motion for default, conferences, preparation of court documents, drafting declarations,

---

[1] The Court is not looking to cut plaintiffs' fees; however, plaintiffs' counsel knows what information is required and must include the requisite information in its request. Moreover, my December 28, 2018 Report and Recommendation stated no fees should be awarded for unidentified legal assistants. Plaintiffs were therefore on notice.

and preparation of plaintiffs' motion for a default judgment. ECF No. 33-12. The invoices provide clear entries listing the work done to litigate this case and the hours expended per task are reasonable. Accordingly, I respectfully recommend that Ms. Dabrowski, Ms. Grancino, Ms. Malloy, Mr. Fojas, and Ms. Marimon should be awarded fees for 49.8 hours spent working on the instant case. See Gesualdi v. Interstate Masonry Corp., No. 12 CV 0383, 2014 WL 1311709, *13 (E.D.N.Y. March 25, 2014) (finding 23 hours spent on an ERISA default reasonable and collecting cases).

Thus, I respectfully recommend that plaintiffs should be awarded attorney's fees in the amount of $13,284.15 compensating plaintiffs for 49.8 hours of work as set forth in the following table:

| | Hourly Rate Sought for Local 1 Funds and National Funds | Adjusted Hourly Rate for Local 1 Funds and National Funds | Hours Worked for Local 1 Funds and National Funds | Total Hours | Adjusted Total |
|---|---|---|---|---|---|
| Adrianna R. Grancino (Associate) | $285; $275 | **$260; $250** | 5.3; .98 | 6.28 | $1,378; $245 |
| Julie Dabrowski (Associate) | $285; $275 | **$260; $250** | 28.12; 6.98 | 35.1 | $7,311.2; $1745 |
| Kelly Malloy (Associate) | $285; $275 | **$260; $250** | 0; .02 | .02 | 0; $5 |
| Martin Fojas (Partner) | $375; $350 | **$325; $300** | 5.01; .69 | 5.70 | $1,628.25; $207 |
| Nicole Marimon (Partner) | $285; $275 | **$285; $275** | 2.22; .48 | 2.70 | $632.7; $132 |
| Unidentified legal assistants | $145; $140 | **$0; $0** | 15.52; 3.26 | 18.78 | 0; 0 |
| All staff | | | | 68.58 | $13,284.15 |

### iii.    Additional Costs

Plaintiffs request $862.62 in costs. (ECF No. 33-12 at 8, 15.) In a successful action under ERISA to recover delinquent contributions, courts award "[r]easonable and identifiable out-of-pocket disbursements ordinarily charged to clients." Trs. of the Road Carriers Local 707 Welfare Fund v. Goldberg, No. 08 CV 0884, 2009 WL 3497493, at *10 (E.D.N.Y. Oct. 28, 2009).  Here, plaintiffs' counsel paid the Court's filing fee, postage fees, service fees, and other costs totaling $862.62. ECF No. 33-12. The Court finds these costs reasonable. Therefore, plaintiffs should be awarded $862.62 in costs.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiffs' motion for a default judgment should be granted. The Court should hold Whitestone liable for the $263,862.72 judgment previously entered against Temperini on July 24, 2014, and plaintiffs should be awarded post-judgment interest on the $263,862.72 judgment calculated from July 24, 2014 to the date of payment at the statutory rate set forth in 28 U.S.C. § 1961. Additionally, plaintiffs should be awarded $13,284.15 in attorney's fees and $862.62 in costs.

Plaintiffs are hereby ordered to serve a copy of this Report and Recommendation upon defendants at their last known addresses and to file proof of service with the Court forthwith.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a

timely objection to this Report generally waives any further judicial review. Marcella v. Capital

Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and

Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                             /S/

                                           LOIS BLOOM
                                           United States Magistrate Judge

Dated: January 13, 2020
       Brooklyn, New York