UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 5 2020 ★

BROOKLYN OFFICE

**TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 1 WELFARE FUND**, *et al.*,

           Plaintiffs,

- against -

**TEMPERINI MECHANICAL INC.**, *et al.*,

           Defendants.

**ORDER**
18-CV-2596 (AMD) (LB)

------------------------------------------------------------X

**ANN M. DONNELLY, United States District Judge:**

On May 2, 2018, the plaintiffs commenced this action seeking declaratory relief against defendants Temperini Mechanical Inc. and Whitestone Plumbing Corp. pursuant to the Employee Retirement Income Security Act and Labor Management Relations Act. (ECF No. 1.) The defendants did not respond to the complaint or appear in this action, and the Clerk of Court entered a certificate of default against them. (ECF No. 10.) On September 24, 2018, the plaintiffs moved for a default judgment against the defendants. (ECF No. 11.) I referred the petition to Magistrate Judge Lois Bloom for a Report and Recommendation ("R&R"). On December 28, 2018, Judge Bloom issued a thorough and well-reasoned R&R recommending that I grant in part and deny in part the plaintiffs' motion. (ECF No. 20.) Specifically, Judge Bloom recommended that I deny the plaintiffs' motion seeking to hold defendant Whitestone liable for a $263,862.72 judgment that was entered against Temperini in 2014 in a separate lawsuit (E.D.N.Y. Case No. 12-CV-5646), and the plaintiffs' request for post-judgment interest. (*Id.* at 9-10, 12-13.) In the plaintiffs' objections to the R&R, the plaintiffs requested that they be given the opportunity to amend their complaint to include a claim concerning the 2014 judgment.

(ECF No. 22.) I adopted Judge Bloom's R&R in its entirety and directed the plaintiffs to amend their complaint to include a claim concerning the 2014 judgment. (ECF No. 23.)

On June 5, 2019, the plaintiffs amended their complaint to include a claim to hold Whitestone jointly and severally liable with Temperini for the outstanding balance of the 2014 judgment. (ECF No. 25 at 10.) The plaintiffs served the defendants with the amended complaint and summons on June 6, 2019. (ECF Nos. 26, 27.) The defendants did not respond to the amended complaint or appear in this action, and on July 11, 2019, the Clerk of Court entered a certificate of default against them. (ECF No. 29.)

On July 18, 2019, the plaintiffs moved for a default judgment against the defendants pursuant to Federal Rule of Civil Procedure 55(b)(2). (ECF No. 30.) I referred the petition to Judge Bloom for an R&R. On January 13, 2020, Judge Bloom, in another cogent R&R, recommended that I grant the plaintiffs' motion. (ECF No. 36.) Specifically, Judge Bloom recommended that I (1) hold Whitestone liable for the $263,862.72 judgment that was previously entered against Temperini on July 24, 2014, (2) award the plaintiffs post-judgment interest on the judgment, calculated from July 24, 2014 to the date of payment at the statutory rate set forth in 28 U.S.C. § 1961, (3) award the plaintiffs attorneys' fees in the amount of $13,284.15, and (4) award the plaintiffs $862.62 in costs. (*Id.* at 4-14.) No party has filed any objections to Judge Bloom's R&R.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N.*

*Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y.2003)) (internal quotation marks omitted).

I have carefully reviewed Judge Bloom's January 13, 2020 R&R and I find no error. Accordingly, I adopt the R&R in its entirety. The plaintiffs' motion for default judgment is granted. The plaintiffs are awarded $263,862.72 plus post-judgment interest calculated from July 24, 2014 to the date of payment at the statutory rate set forth in 28 U.S.C. § 1961, $13,284.15 in attorneys' fees, and $862.62 in costs. The Clerk of Court is respectfully directed to enter an award to the plaintiffs and close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
      February 4, 2020

                                               s/Ann M. Donnelly
                                               Ann M. Donnelly
                                               United States District Judge